FILED

2017 MAR 28 AM 11:50

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JONATHAN SILVA        CASE NO.: 6:17cv544      40TBS

    Plaintiff,

v.

NONA DIGITAL, INC.,
DAVID D. PAVLIK, and
MOSES VIRELLA,
    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JONATHAN SILVA, brings this lawsuit against the Defendants, NONA DIGITAL, INC. ("NONA DIGITAL"), DAVID D. PAVLIK, and MOSES VIRELLA for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA") for failure to pay lawful compensation.

INTRODUCTION

1.    Overtime requirements of the FLSA were designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers..." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2.    Plaintiff worked for Defendant from July 1, 2016 to September 16, 2016.

3.    Plaintiff was employed as a video and marketing production assistant. His job duties included recording commercials, editing and then uploading content to Google, YouTube, Facebook, and other the internet websites. He was also required to manage social media accounts

1

for Defendants' clientele, design logos and graphics, and write web content for use on the World Wide Web.

4. Plaintiff regularly worked in excess of forty (40) hours per workweek.

5. Defendants failed to maintain accurate time records and failed to properly pay overtime and minimum wage as required under the FLSA.

6. Defendants willfully and intentionally failed to pay lawful overtime and minimum wages owed under the FLSA.

7. Plaintiff sues Defendants for failing to compensate him at the applicable minimum wage rate for all hours worked and for failing to compensate him at the applicable overtime rate for all hours worked in excess of forty (40) hours per workweek in violation of the FLSA.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action involves a federal question under the Fair Labor Standards Act, 29 U.S.C., §§ 201-219, inclusive.

9. This Court has personal jurisdiction over Defendants who are engaged in business within Orange County, Florida and also reside within this District.

10. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because acts complained of herein took place in this District.

## FACTUAL ALLEGATIONS

11. Defendant, NONA DIGITAL, is a for-profit corporation, licensed in the State of Florida, which owns and operates a marketing company, at its principle place of business at

2

10524 Moss Park Road in Orlando, Florida 32832.

12. Defendant, NONA DIGITAL, conducts substantial business in Florida and regularly utilizes instrumentalities of interstate commerce.

13. Defendant, NONA DIGITAL, regularly employs numerous employees, who directly participate in interstate commerce, utilizing large international technological and social media platforms including but not limited to Google, Facebook, YouTube, and others to perform marketing and advertisement services for their NONA DIGITAL clientele.

14. FLSA regulations provide that "if the employee, as a regular and recurrent part of his duties, uses such instrumentalities in obtaining or communicating information . . . across State lines, he comes within the scope of the Act" for individual coverage. 29 C.F.R. § 776.10(b).

15. The tools required for the daily implementation of job duties, namely the video cameras, the editing equipment, and the computers, were all manufactured across state lines, and even outside of the United States.

16. Plaintiff regularly and customarily used the telephone, internet, and email to perform his job duties.

17. Plaintiff directly engaged in interstate commerce because he packaged the Defendants' product and sent it off in the internet ether.

18. Defendant, NONA DIGITAL, is an "employer" as defined by 29 U.S.C. § 203(d).

19. At all times relevant to this action, all Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

20. Defendant, NONA DIGITAL, has employees subject to the provisions of the FLSA in the facility where Plaintiff was employed.

21. Defendant, NONA DIGITAL, employed two or more persons, including Plaintiff,

"engaged in commerce or in the production of goods for commerce", and "had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person", as defined by 29 U.S.C. §203(s)(1)(A)(i).

22. Defendant, NONA DIGITAL, is an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA.

23. Plaintiff reasonably believes that during Plaintiff's employment, Defendant, NONA DIGITAL, was an enterprise whose annual gross volume of sales made or business done is not less than $500,000, in accordance with 29 U.S.C. 203(s)(1)(A)(ii).

24. Defendant, PAVLIK, owned and operated NONA DIGITAL at all times material to this action.

25. Defendant, VIRELLA, owned and operated NONA DIGITAL at all times material to this action.

26. Defendant, PAVLIK, personally supervised the Plaintiff and other employees at the business location.

27. Defendant, VIRELLA, personally supervised the Plaintiff and other employees at the business location.

28. Defendant, PAVLIK, was acting directly or indirectly in the interest of Defendant, NONA DIGITAL, in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work.

29. Defendant, VIRELLA, was acting directly or indirectly in the interest of Defendant, NONA DIGITAL, in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work.

30. Defendant, PAVLIK, at all material times, performed the duties of a statutory

employer including but not limited to: setting pay rates, changing pay rates, setting work schedules, allotting specific hours worked, setting quotas, and directing job duties and tasks. Thus, he is a statutory employer under 29 U.S. C. § 203(d).

31. Defendant, VIRELLA, at all material times, performed the duties of a statutory employer including but not limited to: setting pay rates, changing pay rates, setting work schedules, allotting specific hours worked, setting quotas, and directing job duties and tasks. Thus, he is a statutory employer under 29 U.S. C. § 203(d).

32. At all times relevant to this action, Plaintiff resided in Osceola County, Florida.

33. Plaintiff worked as a technician, videographer, and assistant at Defendants' location in Orange County from approximately July 1, 2016 until September 16, 2016.

34. Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. § 203(e)(1).

35. Plaintiff was an employee of Defendants and at all times relevant to violations of the FLSA was engaged in commerce as defined by the FLSA.

36. Plaintiff regularly worked well in excess of forty (40) hours per workweek on behalf of Defendants.

37. Plaintiff was paid an hourly rate for some but not all of the work performed.

38. Plaintiff's responsibilities and actual circumstances of work, which included clerical duties, shooting videos, uploading content to social media sites, monitoring internet traffic, and other tasks, make clear that he was not exempt under the FLSA.

39. Plaintiff's schedule was set by Defendants and was required to stay additional time over and above what the schedule dictated in order to accommodate the Defendants' customers.

## WAGES DUE UNDER THE FLSA
*Minimum Wage and Overtime Violations*

40. As cited above, Plaintiff regularly and routinely worked in excess of forty (40) hours per workweek for Defendants.

41. Plaintiff did not receive all compensation owed for hours worked in excess of forty (40) hours in any given workweek.

42. Furthermore, Plaintiff did not receive the applicable statutory minimum wage rate under Federal law for all hours worked during any given workweek.

43. Further compounding the foregoing minimum wage and overtime violations, Defendants failed to maintain adequate time and pay records pertaining to Plaintiff.

44. All employers subject to the FLSA must maintain and preserve records describing the wages, hours and working conditions of their employees.

45. To the extent records are unavailable, Plaintiff may establish the hours worked solely by testimony and the burden of overcoming such testimony shifts to the Defendants. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

46. Defendants' failure to maintain records may create a presumption in the aggrieved employee's favor. *See,* Myers v. The Copper Cellar Corp., 192 F.3d 546, 551 n.9 (7th Cir. 1999).

47. Defendants knowingly and willfully failed to pay Plaintiff overtime compensation at the appropriate legal rate for all hours of work performed on behalf of Defendants above and beyond forty (40) hours per workweek in violation of the FLSA; in particular 29 U.S.C. §207.

48. Defendants knowingly and willfully failed to pay Plaintiff minimum wage

compensation at the appropriate legal rate for all hours of work performed on behalf of Defendants.

49. The conduct alleged herein constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

50. Due to Defendants' willful FLSA violations, Plaintiff alleges damages and is entitled to recover from Defendants unpaid wages in the form of minimum wages and the unpaid overtime compensation, plus an additional equal amount as liquidated damages, prejudgment interest, reasonable attorneys' fees, costs, and any other remedy available under the FLSA.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for the following and prays that:

a. Defendants are found in violation of the overtime and minimum wage compensation provisions of the FLSA and that the Court finds that Defendants' violations of the FLSA were and are willful;

b. Plaintiff receives compensation of at least the minimum wage level for all the previous hours worked plus compensation for all hours worked over forty (40) hours in each week, where he did not receive a rate of at least one and one-half time compensation, during the past three years, and liquidated damages of an equal amount of the unpaid overtime compensation plus interest on said award pursuant to § 216 of the FLSA;

c. Plaintiff receives attorneys' fees and costs pursuant to § 216 of the FLSA; and

d. Plaintiff receives any other legal and equitable relief as this Court may deem appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues and questions of fact raised by this Complaint.

Dated: March 27, 2016

Respectfully submitted,

/s/ N. Ryan LaBar
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
Telephone: (407) 835-8968
Facsimile: (407) 835-8969