UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JONATHAN SILVA,

    Plaintiff,

v.                                          Case No: 6:17-cv-544-Orl-40TBS

NONA DIGITAL, INC, DAVID D. PAVLIK
and MOSES VIRELLA,

    Defendants.

## REPORT AND RECOMMENDATION

This Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* case comes before the Court on the parties' Joint Motion for Approval of Settlement and for Dismissal with Prejudice (Doc. 34) and their later filed Amended Settlement Agreement and Release (Doc. 36-1). Upon due consideration, I respectfully recommend that the amended settlement agreement be **approved**.

### Background

On March 28, 2017, Plaintiff Jonathan Silva sued his former employer, Defendant Nona Digital, Inc. and its owners, David D. Pavlik and Moses Virella, for unpaid overtime and minimum wages, pursuant to pursuant to the FLSA (Doc. 1). Defendants provide marketing services for their clients using various media platforms (Id. at ¶¶ 11-13). Plaintiff worked for Defendants from July 1, 2016 to September 16, 2016 as a video and marketing production assistant (Id. at ¶¶ 2-3). He claims that he regularly worked in excess of forty hours per workweek during his tenure at Defendants' company (Id. at ¶ 4). Defendants deny Plaintiff's allegations (Doc. 15; Doc. 29).

On February 6, 2018, the parties filed their joint motion for approval of their settlement agreement (Doc. 34). The next day, I advised the parties of my concerns related to paragraphs 3, 6, 9, and 11 of the agreement and gave them 14 days to respond (Doc. 35).

The parties provided a joint response on February 21, 2018 and submitted their amended settlement agreement for the Court's consideration (Doc. 36).

## Legal Standard

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353. The nature of this lawsuit prompts the district court's review of the settlement agreements rather than an examination conducted by the Secretary of Labor. Before approving a settlement, the district court must scrutinize the settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation." Id. at 1354.

## Discussion

The parties have addressed all of my concerns with their original settlement agreement, and I find that their amended agreement reflects a fair compromise of Plaintiff's FLSA claim.

### A. Settlement Sum

In his answers to the Court's interrogatories, Plaintiff estimated he was owed $2,703.64 for back-wages based on the information then available to him (Doc. 25; Doc. 34 at 5). The parties now agree that Plaintiff was likely on medical leave for the first week in August of 2016, thus making his initial estimate erroneous. Plaintiff reduced his claim

by $334.08 which makes his back-wages claim $2,369.56 (Doc. 34 at 5). Under the parties' settlement agreement Plaintiff will receive the full $2,369.56 (Doc. 34-1, ¶ 4). No badges of fraud or overreaching are apparent and the parties are represented by experienced attorneys. Therefore, I see no reason to question the parties' judgment and find that the amount of wages to be paid to Plaintiff is fair and reasonable.

### B. Absence of Liquidated Damages

The parties have agreed that Plaintiff shall not be paid liquidated damages. An employee damaged by a violation of the FLSA is entitled to unpaid overtime compensation plus an additional, equal amount, as liquidated damages. 29 U.S.C. § 216(b). The award of liquidated damages in an amount equal to the amount of back pay is mandatory unless the employer can show that its actions were taken in good faith, and that it had reasonable grounds for believing its actions did not violate the statute. Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1164 (11th Cir. 2008) (citing Spires v. Ben Hill Cnty., 980 F.2d 683, 689 (11th Cir. 1993) ("If a court determines that an employer has established a good faith defense, it may, 'in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 ....'")); see also Romero v. Harmony Ret. Living, Inc., No. 6:12-cv-838-Orl-22KRS, 2013 WL 5230662, at *6 (M.D. Fla. Sept. 16, 2013); Lowe v. Southmark Corp., 998 F.2d 335, 337 (5th Cir. 1993); E.E.O.C. v. White and Son Enter., 881 F.2d 1006, 1012 (11th Cir. 1989).

"'What constitutes good faith on the part of [an employer] and whether [the employer] had reasonable grounds for believing that [its] act or omission was not a violation of the [Act] are mixed questions of fact and law ... [That test has] both subjective and objective components.'" Dybach v. State of Fla. Dept. of Corr., 942 F.2d 1562, 1566 (11th Cir. 1991); see 29 C.F.R. § 790.20. "To satisfy the subjective 'good faith'

component, the [employer has the burden of proving] that [it] had 'an honest intention to ascertain what [the Act] requires and to act in accordance with it.'" Dybach, 942 F.2d at 1566.

The good faith defense "is not available to an employer unless the acts or omissions complained of were 'in conformity with' the regulation, order, ruling, approval, interpretation, administrative practice or enforcement policy upon which he relied." 29 C.F.R. § 790.14. An employee "may not negotiate away liquidated damages or back wages in the interest of achieving a settlement." Hogan v. Allstate Beverage Co., 821 F. Supp. 2d 1274, 1281 (M.D. Ala. 2011); Dees v. Hydradry. Inc., 706 F. Supp. 2d 1227, 1236 (M.D. Fla. April 19, 2010).

Defendants assert that they acted in good faith and with reasonable grounds for believing their acts were not in violation of the FLSA (Doc. 34 at 5). The parties agree there is a genuine dispute about Plaintiff's entitlement to liquidated damages and that a reasonable decision maker could find that Defendants acted in good faith (Id., at 6). Additional concerns are also presented, including that Plaintiff needs the money to pay expenses associated with complex medical treatment he is currently undergoing. And, there is concern about Defendants' financial ability to pay if this case bogs down in protracted litigation (Id., at 6). Here, I am persuaded by the parties' representations and find that their agreement can be approved without the payment of liquidated damages.

### C. Attorney's Fees

Plaintiff's counsel will receive, in installment payments, $2,630.44 in attorney's fees. The parties represent that this sum was negotiated separately from Plaintiff's recovery, without regard to the amount of the settlement sum (Doc. 34 at 2, 7). This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to his counsel. See Bonetti v. Embarq Mgmt. Co., 715 F.

Supp. 2d 1222 (M.D. Fla. 2009); see also McQuillan v. H.W. Lochner, Inc., No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013).

### D. Remaining Provisions

Plaintiff is only releasing the claim he made in his complaint. In other words, there is no general release, and the amended settlement agreement does not include a confidentiality provision.

### Recommendation

Upon due consideration, it is hereby **RECOMMENDED** that the Joint Motion for Approval of Settlement and for Dismissal with Prejudice (Doc. 34) be **GRANTED**, that the Court approved the parties amended settlement agreement (Doc. 36-1), and **DISMISS** this case **WITH PREJUDICE**.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on March 1, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record